**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Lavazia Jerome HILL, Defendant–Appellant.**

No. 02–10250.

D.C. No. CR–01–40083–CW.

United States Court of Appeals, Ninth Circuit.

Submitted July 21, 2003.*

Decided July 28, 2003.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, appellant's request for oral argument, filed March 24, 2003, is denied.

Before LEAVY, HAWKINS and RAWLINSON, Circuit Judges.

MEMORANDUM**

Federal prisoner Lavazia Jerome Hill appeals his conviction and sentence following his guilty plea to being a felon in possession of a firearm, a violation of 18 U.S.C. § 922(g)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

Hill argues that the district court erred by refusing to grant a discretionary downward departure under U.S.S.G. § 5K2.12 for imperfect duress. Because the district court did not indicate any belief that a departure was precluded as a matter of

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

law, but instead found that there was an insufficient basis for the requested departure, the district court's decision is not subject to review on appeal. *See United States v. Lopez–Garcia,* 316 F.3d 967, 973 (9th Cir.2003) (noting that the district court's statement, made after a "full airing of the issues," that the threats did not justify the defendant's actions, reflected the court's "consideration of the reasonableness of [defendant's] actions in light of her belief that she was compelled to act as she did, as required by section 5K2.12"). Moreover, the district court's finding regarding the lack of credibility of the evidence supporting Hill's claim of duress was not clearly erroneous. *Cf. United States v. Pinto,* 48 F.3d 384, 389 n. 8 (9th Cir.1995) (construing appeal of denial of downward departure as a challenge to the trial court's factual determination concerning duress, and concluding that the trial court's finding regarding the lack of credibility of the evidence supporting the claim of duress was not clearly erroneous).

Hill's claim that 18 U.S.C. § 922(g)(1) is unconstitutional because it exceeds Congress' powers under the Commerce Clause has been rejected by this Court, *see United States v. Rousseau,* 257 F.3d 925, 932–33 (9th Cir.2001), as has his claim that 18 U.S.C. § 922(g)(1) is unconstitutional because it impermissibly restricts a person's individual right to bear arms under the Second Amendment, *see Silveira v. Lockyer,* 312 F.3d 1052 (9th Cir.2002).

AFFIRMED.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.